IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY GARDNER and : | |
| TASJIA GARDNER : | |
| : | |
| Plaintiffs, : | Case No. 4:15-cv-00331 |
| : | |
| v. : | |
| : | |
| GREAT PLAINS OILFIELD RENTAL, : | (Judge Brann) |
| LLC, CRESCENT SERVICES, LLC, : | |
| and CHESAPEAKE ENERGY CORP. : | |
| : | |
| Defendants. : | |

### **MEMORANDUM**
July 13, 2015

Currently pending before the Court is a Motion to Dismiss filed by Defendant Crescent Services, LLC ("Crescent Services") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 18). No response has been filed by the Plaintiffs. The matter is ripe for disposition and, for the reasons discussed below, the Motion will be granted.

**I.    BACKGROUND**

Plaintiffs Stanley Gardner and Tasjia Gardner (collectively the "Gardners") filed a Complaint with this Court on February 17, 2015, alleging diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1). In their Complaint, the Gardners allege residence in Vestal, New York. Id. at ¶¶ 5, 6. The Gardners

1

further allege that Great Plains Oilfield Rental, LLC ("Great Plains") maintains regional offices in Pennsylvania, with principal offices in El Reno, Oklahoma. Id. at ¶ 7. Crescent Services also allegedly maintains regional offices in Pennsylvania, with principal offices in Oklahoma City, Oklahoma. Id. at ¶ 9. The final defendant, Chesapeake Services, LLC's ("Chesapeake Services") maintains its principal offices in Oklahoma City, Oklahoma. Id. at ¶ 8.

## II. DISCUSSION

"It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto." Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 905 F.2d 42, 45 (3d Cir. 1990) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). Consequently, "when jurisdiction depends upon diverse citizenship[,] the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court[.]" Holder v. Suarez, No. 3:14-CV-1789, 2014 WL 4660290, at *1 (M.D. Pa. Sept. 17, 2014) (quoting Thomas v. Bd. of Trs., 195 U.S. 207, 211 (1904)).

A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332 (emphasis added). When

one party to an action is an LLC, "the citizenship of an LLC is determined by the citizenship of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). Furthermore, "where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." Id. (quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003).

Here, the Gardners have failed to allege sufficient facts for this Court to maintain diversity jurisdiction over the case. While the Gardners have alleged that Chesapeake Services, a corporation, maintains its principal offices in Oklahoma, they have failed to allege Chesapeake Services' place of incorporation. Furthermore, Great Plains and Crescent Services are both limited liability companies, and therefore the Gardners must identify each company's membership and allege the citizenship of each member. The failure to do so in their Complaint is fatal to allegations of diversity jurisdiction.

In light of the Gardners' failure to aver sufficient facts for the Court to determine whether it possesses jurisdiction over this matter, the case must be dismissed. Consequently, Crescent Services' Motion is granted. However, as the United States Court of Appeals for the Third Circuit has repeatedly recognized, federal courts should permit amendment of a complaint when a defective

jurisdictional allegation may be remedied.  E.g., Kiser v. General Elec. Corp., 831 F.2d 423, 427 (3d Cir. 1987).  See also, 28 U.S.C. § 1653.  Therefore, leave is granted for the Gardners to file an Amended Complaint that alleges sufficient facts for the Court to assume jurisdiction over this matter.

## III. CONCLUSION

For the foregoing reasons, Crescent Services' Motion to Dismiss (ECF No. 18) is granted in full.  The Gardners' Complaint is dismissed with leave to amend.

An appropriate Order will follow.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge